No. 25-12450

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

LORI GUY WILLS,

*Plaintiff-Appellee*

*vs.*

JEFFERSON DUNN, *et al.,*

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Alabama

## APPELLANTS THE ADOC OFFICIALS' RESPONSE TO THE COURT'S JURISDICTIONAL QUESTION

WILLIAM R. LUNSFORD
KENNETH S. STEELY
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651

*Counsel for Appellants the ADOC Officials*

### CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellants Jefferson Dunn, Edward Ellington, Karla Jones, and Grantt Culliver (collectively, the "ADOC Officials") certify that the following persons and entities may have an interest in the outcome of this case:

1. Alabama Department of Corrections, *Interested Non-Party*

2. Alabama Division of Risk Management, *Interested Non-Party*

3. Ary, Tonya, *Former Defendant*

4. Axon, Hon. Annemarie Carney, *Presiding United States District Court Judge*

5. Bowman, Locke E., *Counsel for Plaintiff/Appellee*

6. Britton, William Jackson, *Counsel for Defendants/Appellants Gwendolyn Givens, Anthony Brooks, Gary Malone, Carla Graham, Angelia Gordy, William Ragsdale, and Antoine Price (collectively, the "Facility Officials")*

7. Brooks, Anthony, *Defendant/Appellant*

8. Brown, Ruth Zemel, *Counsel for Plaintiff/Appellee*

9. Butler Snow LLP, *Counsel for Defendants/Appellants the ADOC Officials*

10. Capell & Howard, P.C., *Counsel for Defendants/Appellants the Facility Officials*

11. Caver, Cynthia, *Former Defendant*

12. Chism, Daniel, *Counsel for Defendants/Appellants the ADOC Officials*

13. Cranford, William J. III, *Counsel for Defendants/Appellants the ADOC Officials*

14. Cobb, Caitlin Elizabeth, *Counsel for Defendants/Appellants the Facility Officials*

15. Cornelius, Hon. Staci G., *United States Magistrate Judge Previously Assigned to Case*

16. Culliver, Grantt, *Defendant/Appellant*

17. Dagney Johnson Law Group, LLC, *Counsel for Plaintiff/Appellee*

18. Daniels, Charles, *Former Defendant*

19. Dunn, Jefferson, *Defendant/Appellant*

20. Ellington, Edward, *Defendant/Appellant*

21. Estelle, Neketris, *Former Defendant*

22. Givens, Gwendolyn, *Defendant/Appellant*

23. Gordy, Angelia, *Defendant/Appellant*

24. Graham, Carla, *Defendant/Appellant*

25. Guy, Carol (deceased), *Former Plaintiff*

26. Hill, C. Richard Jr., *Counsel for Defendants/Appellants the Facility Officials*

27. Jones, Karla, *Defendant/Appellant*

28. Loevy & Loevy, *Counsel for Plaintiff/Appellee*

29. Lunsford, William R., *Counsel for Defendants/Appellants the ADOC Officials*

30. Malone, Gary, *Defendant/Appellant*

31. Maynard Nexsen PC, *Former Counsel for Defendants/Appellants the ADOC Officials*

32. Miller, Grayson Douglas, *Former Counsel for Defendants/Appellants the ADOC Officials*

33. Mujumdar, Anil A., *Counsel for Plaintiff/Appellee*

34. Mullins, Steven (deceased), *Plaintiff's Decedent*

35. Northcutt, Robert F., *Former Counsel for Defendants/Appellants the Facility Officials*

36. Office of Attorney General, State of Alabama, *Counsel for Non-Party Alabama Department of Corrections*

37. Pierce, Megan Colleen, *Counsel for Plaintiff/Appellee*

38. Price, Antoine, *Defendant/Appellant*

39.     Putman, Ellie, *Former Counsel for Defendants/Appellants the ADOC Officials*

40.     Ragsdale, William, *Defendant/Appellant*

41.     Rallins, Quinn, *Counsel for Plaintiff/Appellee*

42.     Ray, Phillip Andrew, *Former Counsel for Defendants/Appellants the ADOC Officials*

43.     Rogers, Stephen C., *Former Counsel for Defendants/Appellants the ADOC Officials*

44.     Scott, LaTonya, *Former Defendant*

45.     Sheehan, William Allen, *Counsel for Defendants/Appellants the Facility Officials*

46.     Sibley, Steven Shawn, *Counsel for Non-Party Alabama Department of Corrections*

47.     Steely, Kenneth S., *Counsel for Defendants/Appellants the ADOC Officials*

48.     Tambling, Robert D., *Counsel for Non-Party Alabama Department of Corrections*

49.     Vincent, Christy, *Former Defendant/Appellant*

50.     Walter, James Northcutt Jr., *Former Counsel for Defendants/Appellants the Facility Officials*

51. Whatley, Mary Landon, *Former Counsel for Defendants/Appellants the ADOC Officials*

52. White, Kevin, *Former Defendant*

53. Williams, Jeffery, *Former Defendant*

54. Wills, Lori Guy, *Plaintiff/Appellee*

55. Wilson, Perry, *Former Defendant*

This appeal involves governmental defendants, including current and former officials of the Alabama Department of Corrections, which operates as a governmental department of the State of Alabama. There are no parent companies, subsidiaries, or affiliate companies that have issued shares to the public.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................C-1

TABLE OF CONTENTS........................................................................... i

TABLE OF CITATIONS ......................................................................... ii

INTRODUCTION ..................................................................................1

RELEVANT PROCEDURAL HISTORY ...................................................3

ARGUMENT .........................................................................................9

   I.   This Appeal Involves Questions of Law. ...................................9

       A.   Whether the District Court Erred in Finding that the ADOC Officials Failed to Establish that they Acted Within Their Discretionary Authority Constitutes a Question of Law. ............111

       B.   Whether Plaintiff Can Establish A Violation of Clearly Established Law Constitutes A Question of Law. .........................16

   II.   Cases in Which This Court Lacked Jurisdiction Remain Distinguishable............................................................17

CONCLUSION....................................................................................20

CERTIFICATES OF COMPLIANCE.................................................211

CERTIFICATE OF SERVICE ...........................................................222

# TABLE OF CITATIONS

Page(s)

## CASES

Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,
 757 F.2d 523 (2d Cir. 1985)................................................................12

Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,
 713 F.2d 618 (11th Cir. 1983) ...........................................................11

*Bryant v. Jones,
 575 F.3d 1281 (11th Cir. 2009) .................................................. passim

Cantu v. City of Dothan, Ala.,
 974 F.3d 1217 (11th Cir. 2020) ........................................................14

Cluff v. Miami-Dade Cnty.,
 No. 22-10704, 2022 WL 16757095 (11th Cir. 2022) ........................12

Dang ex rel. Dang v. Sheriff, Seminole Cnty., Fla.,
 871 F.3d 1272 (11th Cir. 2017) ........................................................12

Davis v. A.G. Edwards and Sons, Inc.,
 823 F.2d 105 (5th Cir. 1987)..............................................................11

Ex parte Butts,
 775 So. 2d 173 (Ala. 2000).................................................................3

Gargiulo v. G.M. Sales, Inc.,
 131 F.3d 995 (11th Cir. 1997) ................................................... 10, 11

Gray ex rel. Alexander v. Bostic,
 458 F.3d 1295 (11th Cir. 2006) ........................................................13

Hall v. Flournoy,
 975 F.3d 1269 (11th Cir. 2020) ........................................................16

Harris v. City of Montgomery,
 No. 23-11816, 2024 WL 1090605 (11th Cir. Mar. 13, 2024) ...........14

Help at Home, Inc. v. Med. Capital, L.L.C.,
 260 F.3d 748 (7th Cir. 2001)..............................................................11

ii

Hill v. Dekalb Reg'l Youth Det. Ctr.,
    40 F.3d 1176 (11th Cir. 1994) ............................................................13

Hill v. FTC,
    124 F.2d 104 (5th Cir. 1941).............................................................11

Holloman ex rel. Holloman v. Harland,
    370 F.3d 1252 (11th Cir. 2004) ........................................................14

Hope v. Pelzer,
    536 U.S. 730 (2002)..........................................................................13

Hunter v. Leeds, City of,
    941 F.3d 1265 (11th Cir. 2019) ........................................................15

Jean-Baptiste ex rel. Jean-Baptiste v. City of Boynton Beach,
    No. 18-cv-0740, 2018 WL 11473493 (S. D. Fla. Aug. 16, 2018)........6

Johnson v. Jones,
    515 U.S. 304 (1995)......................................................................9, 10

Jordan v. Doe,
    38 F.3d 1559 (11th Cir. 1994) ..........................................................14

Keating v. City of Miami,
    598 F.3d 753 (11th Cir. 2010) ..........................................................15

Koch v. Rugg,
    221 F.3d 1283 (11th Cir. 2000) ........................................................16

McCullough v. Finley,
    907 F.3d 1324 (11th Cir. 2018) .......................................................2, 9

Melendez v. Sec'y, Dep't of Corr.,
    No. 23-12424, 2024 WL 3880013 (11th Cir. Aug. 20, 2024) ............17

*Mitchell v. Forsyth,
    472 U.S. 511 (1985)................................................................. 1, 8, 9

Moniz v. City of Ft. Lauderdale,
    145 F.3d 1278 (11th Cir. 1998) ........................................................18

iii

*Perez v. Suszczynski,
  809 F.3d 1213 (11th Cir. 2016) .................................................. 2, 9, 17, 18

Plumhoff v. Rickard,
  572 U.S. 765 (2014) .................................................................10

Ratner v. Young,
  465 F. Supp. 386 (D.V.I. 1979) ..................................................11

Scott v. Gomez,
  792 F. App'x 749 (11th Cir. 2019) ..............................................17

Scott v. Harris,
  550 U.S. 372 (2007) .................................................................15

Sheth v. Webster,
  145 F.3d 1231 (11th Cir. 1998) ..................................................16

Sims v. Metropolitan Dade Cnty.,
  972 F.2d 1230 (11th Cir. 1992) ..................................................14

Smith v. Slimak,
  No. 1:24-cv-22990, 2025 WL 326574 (S.D. Fla. Jan. 29, 2025) ..........................6

Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co.,
  125 F.3d 481 (7th Cir. 1997)......................................................11

Spencer v. Benison,
  5 F.4th 1222 (11th Cir. 2021) .............................................. 13, 14, 15

White v. ARCO/Polymers,
  720 F.2d 1391 (5th Cir. 1983) ....................................................12

White v. Mesa,
  817 F. App'x 739 (11th Cir. 2020) ..............................................17

**STATUTES**

42 U.S.C. § 1983 ........................................................................3, 4

# RULES

Fed. R. App. P. 26.1 ................................................................................1

Fed. R. App. P. 4(a)(2) .............................................................................2

Fed. R. App. P. 12(b)(6) .........................................................................13

Fed. R. App. P. 27(d)(1)(E) ....................................................................20

Fed. R. App. P. 27(d)(2)(A) ....................................................................20

Fed. R. App. P. 32(a)(5) ..........................................................................20

Fed. R. App. P. 32(a)(6) ..........................................................................20

# OTHER AUTHORITIES

10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>,
§ 2722 ................................................................................................11

Appellants Jefferson Dunn ("Dunn"), Grantt Culliver ("Culliver"), Edward Ellington ("Ellington"), and Karla Jones ("Jones" and, together with Dunn, Culliver, and Ellington, the "ADOC Officials"),[1] hereby submit this response to the Court's Jurisdictional Question, issued August 19, 2025 (doc. 23-2, the "Jurisdictional Question").

## **INTRODUCTION**

This Court asked the Parties to "address whether this Court has jurisdiction to review the district court's June 18, 2025, oral ruling [Doc. 391, the 'June 18 Ruling'] and August 6, 2025, written order [Doc. 421, the 'August 6 Order'] denying the defendants' motions for summary judgment." (Doc. 23-2). As explained in more detail below, this Court possesses jurisdiction to review the June 18 Ruling and the August 6 Order.

As the Jurisdictional Question noted, "an order denying a claim of qualified immunity is final and appealable if it 'turns on an issue of law.'" (Doc. 23-2 (quoting Mitchell v. Forsyth, 472 U.S. 511, 525-30 (1985))). In addition, "'a defendant may

---

[1] The ADOC Officials included Christy Vincent in their July 18 Notice of Interlocutory Appeal of the Oral Order "out of an abundance of caution." (Doc. 406 at 1 n.1). At that time, Plaintiff indicated that she did not oppose Vincent's dismissal, but the district court had not yet dismissed the claims against Vincent. (See Doc. 363 at 11 n.1, Doc. 391). The August 6 Order granted summary judgment in Vincent's favor on the claims against her. (Doc. 421 at 5). Accordingly, the ADOC Officials' August 29, 2025, Notice of Appeal of the August 6 Order did not include Vincent.

immediately appeal . . . a denial of state-agent immunity under Alabama law.'" (Id. (quoting McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018))). However, "this Court does not have jurisdiction over an interlocutory review of qualified immunity in a narrowly defined class of cases 'where a defendant merely contests the merits of the plaintiff's underlying action.'" (Id. (quoting Bryant v. Jones, 575 F.3d 1281, 1294 n.19 (11th Cir. 2009)); see also id. (noting that this Court possesses jurisdiction over orders denying a claim of qualified immunity "'unless the *only* issue on appeal is the sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts'") (quoting Perez v. Suszczynski, 809 F.3d 1213, 1216-17 (11th Cir. 2016))).[2] The current appeal does not fall into the narrow class of qualified immunity appeals in which this Court lacks jurisdiction.

With respect to Plaintiff's federal claim, this appeal involves two questions: (1) whether the ADOC Officials could rely on Plaintiff's allegation in the Complaint that they "acted under color of law and within the scope of [their] employment" (doc. 40, ¶ 15) to establish that they acted within their discretionary authority and (2) if

---

[2] The Jurisdictional Question also cited Federal Rule of Appellate Procedure 4(a)(2), which provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." (Doc. 23-2). The ADOC Officials believe that the original Notice of Appeal in this action, filed July 18, 2025, covers the August 6 Order under Rule 4(a)(2). (Doc. 406). However, in an abundance of caution, the ADOC Officials filed an additional Notice of Appeal on August 29, 2025, indicating their unequivocal intent to appeal the August 6 Order. (Doc. 426).

so, whether the facts, viewed in the light most favorable to Plaintiff, establish a violation of clearly established law. The appeal as to the state-law claim involves similar questions: whether Plaintiff's allegations establish that the ADOC Officials "exercised [their] judgment in the administration of a department or agency of government" and whether the facts, viewed in the light most favorable to Plaintiff, establish that the ADOC Officials "act[ed] willfully, maliciously, fraudulently, in bad faith, beyond [their] authority, or under a mistaken interpretation of the law." Ex parte Butts, 775 So. 2d 173, 178 (Ala. 2000) (citation and internal quotation marks omitted). All of these questions constitute pure questions of law, and the Court therefore possesses jurisdiction over this appeal.

## **RELEVANT PROCEDURAL HISTORY**

Plaintiff[3] filed her original Complaint on February 19, 2021 (doc. 1) and filed an Amended Complaint, which remains her operative pleading, on April 30, 2021 (doc. 40). As relevant here, the Amended Complaint asserted claims against the ADOC Officials pursuant to 42 U.S.C. § 1983 for "Eighth Amendment Failure to Protect (Supervisory Liability)" and wrongful death (supervisory liability) pursuant

---

[3] Carol Guy, the mother of decedent Steven Mullins, originally served as Plaintiff in this action in her capacity as representative of Mullins's estate. (Doc. 40 at 3, ¶ 12). Plaintiff's counsel filed a "Statement of Death Upon the Record" as to Guy on December 29, 2023 (doc. 101), and, on March 5, 2024, the district court granted Plaintiff's unopposed motion to substitute Lori Guy Wills, Mullins's sister, as Plaintiff (docs. 103, 104).

to Alabama state law. (Doc. 40 at 50-52, ¶¶ 271-281; 62-64, ¶¶ 347-357).[4]

Plaintiff's claims arise from the death of Plaintiff's decedent, Steven Mullins ("<u>Mullins</u>"), an inmate in the custody of the Alabama Department of Corrections ("<u>ADOC</u>") incarcerated at St. Clair Correctional Facility ("<u>St. Clair</u>"). (Doc. 40 at 3, ¶¶ 13, 48). According to the Amended Complaint, another inmate stabbed Mullins to death "[o]n or about February 26, 2019." (<u>Id.</u> at ¶¶ 8, 71-72). At the time of Mullins's death, Dunn served as ADOC's Commissioner; Ellington served as ADOC's Institutional Coordinator for the Northern Region, which included St. Clair; and Jones served as Warden of St. Clair. (<u>Id.</u> at 4-6, ¶¶ 17, 21, 23). According to the Amended Complaint, Culliver previously served as ADOC's Associate Commissioner for Operations and Institutional Security but "was placed on administrative leave in September 2018" and retired in December 2018—before the February 2019 incident at issue in this case. (<u>Id.</u> at 4, ¶ 18).[5]

Plaintiff sued each ADOC Official "in his or her individual capacity" and alleged that each of them "acted under color of law and within the scope of his or

---

[4] All references to page numbers in record materials are to the ECF page number appearing at the top of the page.

[5] The district court dismissed Plaintiff's section 1983 claim against Culliver because Plaintiff failed "to identify . . . the plausible allegations in her complaint that raise a reasonable inference that Mr. Culliver caused Mr. Mullins's injury and that the conduct complaint of clearly established a constitutional violation at the time of Mr. Mullins's injury." (Doc. 84 at 40). Accordingly, Culliver remains a defendant only on the state-law wrongful-death claim.

her employment when engaging in the misconduct described herein." (Id. at 4, ¶¶ 14, 15). In moving to dismiss Plaintiff's Amended Complaint, the ADOC Officials argued that "the Amended Complaint establishes that the ADOC Officials acted within their discretionary authority" by alleging that they "'acted under color of law and within the scope of [their] employment.'" (Doc. 46 at 30-31 (quoting Doc. 40 at 4, ¶ 15)). Plaintiff's Opposition to the ADOC Officials' Motion to Dismiss did not address discretionary authority at all, much less suggest that Plaintiff disagreed that her pleading established that factor. (Doc. 50-1 at 29-35 (arguing that ADOC Officials were not entitled to qualified immunity but failing to dispute that they acted within their discretionary authority)). In its order granting in part and denying in part the ADOC Officials' Motion to Dismiss, the district court noted that Plaintiff "does not dispute that [the ADOC Officials] were acting within their discretionary authority." (Doc. 84 at 41). In their Answer, "the ADOC Officials admit[ted] that they acted at all times under color of law and within the scope of their employment" but "den[ied] that they engaged in any 'misconduct.'" (Doc. 89 at 5, ¶ 15).

In connection with their Motion for Summary Judgment, the ADOC Officials again argued that "Plaintiff concedes" that they acted within their discretionary authority. (Doc. 166 at 38). In her opposition to the ADOC Officials' Motion for Summary Judgment, Plaintiff argued for the first time (and contrary to her own

allegation in the Amended Complaint) that the ADOC Officials failed to establish that they acted within their discretionary authority. (Doc. 363 at 126-27; 150-51; 141). In their reply brief, the ADOC Officials pointed to Plaintiff's allegation in her operative pleading that each ADOC Official "'acted under color of law and *within the scope of his or her employment*.'" (Doc. 376 at 32 (quoting Doc. 40 at 4, ¶ 15)). The ADOC Officials cited caselaw establishing that a plaintiff's allegation that a defendant acted "within the scope of employment" established that he or she acted within his or her discretionary authority for purposes of qualified immunity. (Id. at 32-33 (citing Smith v. Slimak, No. 1:24-cv-22990, 2025 WL 326574, at *3 (S.D. Fla. Jan. 29, 2025), and Jean-Baptiste ex rel. Jean-Baptiste v. City of Boynton Beach, No. 18-cv-0740, 2018 WL 11473493, at *2 (S. D. Fla. Aug. 16, 2018)). With respect to Plaintiff's state-law claim, the ADOC Officials argued that "Plaintiff does not dispute that her claims arise from a function that would entitle the State agent to immunity." (Doc. 166 at 48 (citing Doc. 84 at 60) (internal quotation marks omitted)). In her opposition to summary judgment, Plaintiff argued (again for the first time and contrary to the Amended Complaint) that the ADOC Officials failed "to demonstrate based on factual evidence" that the claims arise from a function that would entitle the ADOC Officials to immunity. (Doc. 363 at 126, 144, 155). On reply, the ADOC Officials argued that, "as with qualified immunity, Plaintiff's allegation that" the ADOC Officials acted under color of law and within the scope

of their employment established that the claims arise from a function that would entitle the ADOC Officials to state-agent immunity. (Doc. 376 at 36-37).

In the June 18 Ruling, the district court stated that "[a] complaint does not establish a fact and it certainly does not satisfy their burden, however extraordinarily low that is." (Doc. 391 at 70; see also id. at 71 ("The complaints in both cases allege, not that they were performing their discretionary function; they say they were acting under color of law and within the scope of their employment. The burden that the defendant has to show is that they were acting within their discretionary authority, which means that they were doing what they were supposed to be doing; that that was part of their job and that they were doing it in a lawful manner, okay, and that's the defendants' burden."); id. at 80 ("[W]e don't rely on allegations in a complaint at this stage of the proceedings . . . and, of course, I want to note that the allegations in the complaint were different from, or I should say did not contain facts that would have satisfied the defendants' burden. The parties have not established that they are -- they acted in their discretionary function and therefore are not entitled to assert a defense of qualified immunity as part of their motion for summary judgment.")). The district court further stated that, "[w]ith respect to the state law claims," the ADOC Officials "have a similar burden to establish that they're entitled to state agent immunity for those counts and they similarly failed to sustain that burden." (Doc. 391 at 81).

In the August 6 Order, the district court stated that "an unverified complaint is not evidence upon which a party can rely at summary judgment." (Doc. 421 at 10). "The [ADOC Officials'] failure to cite to undisputed facts that establish their discretionary duties or explain how the actions complained of reasonably relate to the outer perimeter of those duties leaves them with nothing more than the bald assertion that they are entitled to the defense of qualified immunity." (Doc. 421 at 9). Thus, the district court appeared to reach two separate but related conclusions: (1) allegations in Plaintiff's Amended Complaint could not establish a fact for purposes of summary judgment; and (2) even if allegations in Plaintiff's Amended Complaint could establish a fact, Plaintiff's allegation that the ADOC Officials acted under color of law and within the scope of their employment failed to establish that the ADOC Officials acted within their discretionary authority. As to the state-law claim, the district court similarly concluded that the ADOC Officials failed to cite sufficient evidence to establish that Plaintiff's claims arise from a function that would entitle them to state-agent immunity. (Doc. 421 at 9-10). As set forth below, the district court's conclusions constitute issues of law, and this Court possesses jurisdiction to review them.

# ARGUMENT

## I. THIS APPEAL INVOLVES QUESTIONS OF LAW.

As the Jurisdictional Question acknowledged, "an order denying a claim of qualified immunity is final and appealable if it 'turns on an issue of law.'" (Doc. 23-2 (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985))). Qualified immunity represents "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." <u>Mitchell</u>, 472 U.S. at 526. "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." <u>Id</u>. In addition, "'a defendant may immediately appeal . . . a denial of state-agent immunity under Alabama law.'" (Doc. 23-2 (quoting <u>McCullough v. Finley</u>, 907 F.3d 1324, 1330 (11th Cir. 2018))). However, "this Court does not have jurisdiction over an interlocutory review of qualified immunity in a narrowly defined class of cases 'where a defendant merely contests the merits of the plaintiff's underlying action.'" (<u>Id</u>. (quoting <u>Bryant</u>, 575 F.3d at 1294 n. 19); <u>see also</u> <u>id</u>. ("'A district court's order denying a defendant's motion for summary judgment on qualified immunity grounds is immediately appealable despite there being disputed issues of fact, unless the *only* issue on appeal is the sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts.'") (quoting <u>Perez</u>,

809 F.3d at 1216-17). The instant appeal turns on issues of law; accordingly, the Court possesses jurisdiction.

The Supreme Court held that "a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is not appealable." <u>Johnson v. Jones</u>, 515 U.S. 304, 313 (1995) (Court lacked jurisdiction over appeal where officers disputed district court's factual determination that evidence existed to support finding that they were present for alleged beating); <u>Plumhoff v. Rickard</u>, 572 U.S. 765, 773 (2014) (holding that Court possessed jurisdiction and distinguishing <u>Johnson</u> because, unlike in <u>Johnson</u>, the officers did "not claim that other officers were responsible for shooting" plaintiff's decedent; "rather, they contend that their conduct did not violate the Fourth Amendment and, in any event, did not violate clearly established law"). As set forth below, both questions in this appeal—whether the ADOC Officials acted within their discretionary authority and whether Plaintiff can establish a violation of clearly established law—constitute pure questions of law. Accordingly, this Court possesses jurisdiction over this appeal.

**A.   WHETHER THE DISTRICT COURT ERRED IN FINDING THAT THE ADOC OFFICIALS FAILED TO ESTABLISH THAT THEY ACTED WITHIN THEIR DISCRETIONARY AUTHORITY CONSTITUTES A QUESTION OF LAW.**

The district court held that "an unverified complaint is not evidence upon which a party can rely at summary judgment." (Doc. 421 at 10).  In support of this statement, the district court quoted Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997), for the proposition that, "'to oppose [a] properly supported motion for summary judgment, [the non-movant] must come forward with specific factual evidence, presenting more than mere allegations.'" (Id.).  The language in Gargiulo applies to a *non-movant's* burden in opposing a motion for summary judgment; it does not preclude a *movant* from relying on admissions contained in the other party's pleadings.  131 F.3d at 999.  Moreover, "the general rule [is] that a party is bound by the admissions in his pleadings."  Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir. 1983) (holding that admission in pleadings that cause of action arose in Georgia was "binding and conclusive" where party later argued that cause of action arose in Florida).  "'Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.'"  Id. (quoting Hill v. FTC, 124 F.2d 104, 106 (5th Cir. 1941)); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2722 at n.3 (4th ed. 2025) ("A party's sworn pleading is the equivalent of an affidavit in a summary-judgment proceeding; on the

other hand, if the pleading is unverified, its primary purpose is to show the nature of the cause of action, or defense, as the case may be, *and the opposing party can take advantage of any admissions in it*.") (citing <u>Ratner v. Young</u>, 465 F. Supp. 386, 389 (D.V.I. 1979)) (emphasis added); <u>see</u> <u>also</u> <u>Help at Home, Inc. v. Med. Capital, L.L.C.</u>, 260 F.3d 748, 753 (7th Cir. 2001) (holding party "bound by its characterization of the agreement as a loan in its complaint," because "[i]t is a 'well-settled rule that a party is bound by what it states in its pleadings'") (quoting <u>Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co.</u>, 125 F.3d 481, 483 (7th Cir. 1997)); <u>Davis v. A.G. Edwards and Sons, Inc.</u>, 823 F.2d 105, 108 (5th Cir. 1987) ("'[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them.'") (quoting <u>White v. ARCO/Polymers</u>, 720 F.2d 1391, 1396 (5th Cir. 1983)); <u>Bellefonte Re Ins. Co. v. Argonaut Ins. Co.</u>, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). Whether or not the ADOC Officials can rely on Plaintiff's admission in her Amended Complaint that they acted under color of law and within the scope of their employment, and whether that admission establishes that they acted within their discretionary authority, represent questions of law.

This Court specifically addressed situations like this one in which plaintiffs alleged in their complaints that the defendants acted under color of law and/or within

the scope of their employment.  In <u>Dang ex rel. Dang v. Sheriff, Seminole County,</u> <u>Florida</u>, 871 F.3d 1272, 1279 (11th Cir. 2017), the Court held that defendant nurses acted within their discretionary authority where the plaintiff "allege[d] in his complaint that '[a]t all times material hereto' each LPN 'was acting under the color of state law within the course and scope of her employment . . . and was empowered by the state of Florida to provide nursing services. . . .'"; <u>see</u> <u>also</u> <u>Cluff v. Miami-</u> <u>Dade Cnty.</u>, No. 22-10704, 2022 WL 16757095, at *2 (11th Cir. Nov. 8, 2022) (affirming grant of motion to dismiss: "The claims against the paramedics are insufficient to overcome their qualified immunity.  If they acted within their discretionary authority (which [plaintiff] concedes when she notes that they were 'all acting in the course and scope of their employment' during 'all times relevant to' the complaint), the burden is on [plaintiff] to overcome qualified immunity."); <u>Gray ex rel. Alexander v. Bostic</u>, 458 F.3d 1295, 1303 (11th Cir. 2006) (holding that defendant acted within scope of discretionary authority at summary judgment stage by relying on determination in previous appeal at Rule 12(b)(6) stage even though it was "based on merely the allegations in the complaint," because "there is no evidence at the summary judgment stage that changes our conclusion").[6]  Thus, this

---

[6]The Court recently held that a school superintendent "fail[ed] to show that she acted within the scope of her discretionary authority" in connection with a motion to dismiss where the complaint alleged that superintendent ordered removal of plaintiff from school board meeting, but another official (and not the superintendent) possessed the authority to remove individuals from the meeting.  <u>Huggins v. Sch.</u>

Court possesses jurisdiction over this appeal because the question whether Plaintiff's Complaint establishes that the ADOC Officials acted within their discretionary authority constitutes a question of law, not a question of fact.

More generally, this Court treats "the scope of [an official's] discretionary authority" as "an issue of law." Spencer v. Benison, 5 F.4th at 1230 (11th Cir. 2021). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n.17 (11th Cir. 1994), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002). In determining whether an official acted within his or her discretionary authority, this Court "assess[es] whether [the acts in question] are of a type that fell within the employee's job responsibilities," i.e., "whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). This Court routinely exercises jurisdiction over such questions. Spencer, 5 F.4th at 1231 (district court erred in holding that

_____

Dist. of Manatee Cnty., -- F.4th --, 2025 WL 2374371, at *5 (11th Cir. Aug. 15, 2025). Unlike here, the complaint in Huggins did not allege that the superintendent acted within the scope of her employment. See id. Moreover, as relevant here, the Court exercised jurisdiction to determine whether the superintendent established that she acted within her discretionary authority.

official acted outside his discretionary authority; district court's "framing of the inquiry was erroneous because it failed to strip out the allegedly illegal conduct"); Holloman, 370 F.3d at 1267, 1283 (holding that principal and teacher established that they acted within discretionary authority in disciplining student because duties included imposing discipline, but teacher failed to establish that she acted within discretionary authority in leading class in prayer because praying is not "part of a public school teacher's responsibilities or duties"); Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (defendants acted within discretionary authority where duties included transporting prisoners); Sims v. Metropolitan Dade Cnty., 972 F.2d 1230, 1236 (11th Cir. 1992) (defendants acted within discretionary authority in suspending employee where duties included administration of discipline); Harris v. City of Montgomery, No. 23-11816, 2024 WL 1090605 (11th Cir. Mar. 13, 2024) (noting that "'[t]he Alabama Supreme Court has largely equated qualified immunity with state agent immunity'" and holding official entitled to state-agent immunity "for the same reasons" as qualified immunity) (quoting Cantu v. City of Dothan, Ala., 974 F.3d 1217, 1236 (11th Cir. 2020)). Thus, whether or not an official acted within his or her discretionary authority represents an issue of law that this Court possesses jurisdiction to consider.

**B.    WHETHER PLAINTIFF CAN ESTABLISH A VIOLATION OF CLEARLY ESTABLISHED LAW CONSTITUTES A QUESTION OF LAW.**

The ADOC Officials also intend to argue on appeal that, should this Court conclude that they established that they acted within their discretionary authority, the Court should hold that Plaintiff cannot establish a violation of clearly established law. This Court treats questions relating to whether a plaintiff can establish a violation of a clearly established constitutional right as "issues of law." Spencer, 5 F.4th at 1230; Bryant, 575 F.3d at 1294 n.19 ("[W]hether a defendant is entitled to qualified immunity is purely a legal question; as such, an appellate court reviewing a defendant's denial of qualified immunity considers the facts as presented by the plaintiff in the light most favorable to him, and juxtaposes that set of facts with relevant case law to determine whether those facts support a claim that defendant violated" a clearly established right); Keating v. City of Miami, 598 F.3d 753, 759 (11th Cir. 2010) (Court possessed jurisdiction over appeal where appellants challenged district court's conclusion "that the violations were clearly established"); Scott v. Harris, 550 U.S. 372, 381 & n.8 (2007) (after court "determine[s] the relevant set of facts and draw[s] all inferences in favor of the nonmoving party," whether a violation of clearly established law occurred "is a pure question of law"); Hunter v. Leeds, City of, 941 F.3d 1265, 1284 (11th Cir. 2019) ("'Under both Alabama law and federal law, the core issue is whether a defendant violated clearly

established law.'") (quoting <u>Sheth v. Webster</u>, 145 F.3d 1231, 1239 (11th Cir. 1998)). Thus, the Court also possesses jurisdiction to review whether the facts, viewed in the light most favorable to Plaintiff, set forth a violation of clearly established law.

## II. CASES IN WHICH THIS COURT LACKED JURISDICTION REMAIN DISTINGUISHABLE.

Cases in which this Court held it lacked jurisdiction turned on factual disputes, the resolution of which would determine whether qualified immunity protected the defendants. For example, this Court concluded it lacked jurisdiction in <u>Hall v. Flournoy</u>, 975 F.3d 1269 (11th Cir. 2020), because the appeal turned on "a genuine issue of material fact" as to whether a deputy planted evidence. <u>Id.</u> at 1274. The deputy "only ask[ed the Court] to review the factual sufficiency of the district court's decision classifying the dispute at issue . . . as genuine;" she "concede[d] that the planting of evidence, if true, would violate clearly established law." <u>Id.</u> at 1277 ("The long and the short of our case law is clear: if there is no legal question to review – like whether the officer's conduct violated a plaintiff's constitutional rights or whether those constitutional rights were clearly established . . . – we cannot review a trial court's determination of the facts alone at the interlocutory stage."); <u>see also</u> <u>Koch v. Rugg</u>, 221 F.3d 1283, 1298 (11th Cir. 2000) (Court lacked jurisdiction where officials "challenge[d] their denial of qualified immunity because they contend that there is no evidence to show that they were motivated by racial

discrimination")); Melendez v. Sec'y, Dep't of Corr., No. 23-12424, 2024 WL 3880013, at *3 (11th Cir. Aug. 20, 2024) (Court lacked jurisdiction where defendants "d[id] not raise any legal arguments premised on the undisputed facts, but rather dispute[d] the district court's factual conclusions themselves"); White v. Mesa, 817 F. App'x 739, 740 (11th Cir. 2020) (Court lacked jurisdiction where appellant raised "challenges to the district court's determination of which facts were adequately supported by the evidence"); Scott v. Gomez, 792 F. App'x 749, 751 (11th Cir. 2019) (no jurisdiction where defendants "solely challenge[d] the factual determinations made by the district court, though they cloak[ed] their challenges in the guise of legal issues," and, instead of taking plaintiff's "version of events as true . . . , they explicitly assume[d] *their version* of a critical disputed fact"). Here, the ADOC Officials do not take issue with any factual findings, but instead raise only questions of law.

In both Perez and Bryant, cited in the Jurisdictional Question, this Court rejected arguments that it lacked jurisdiction. In Perez, the Court concluded that it possessed jurisdiction because, although the official challenged some factual issues, he "advance[d] an appealable issue—namely, whether he could have reasonably believed his fatal shooting of [decedent] was lawful under clearly established law." 809 F.3d at 1217. In Bryant, the Court held that it possessed jurisdiction because "[t]he issue of whether a defendant is entitled to qualified immunity is

purely a legal question." 575 F.3d at 1294 n.19. The <u>Bryant</u> Court noted that "the proscribed class of cases" consists of "those where a defendant merely contests the merits of the plaintiff's underlying action." <u>Id.</u> ("In other words, we do not have jurisdiction to entertain [qualified immunity] appeals when the defendant's argument is merely, 'I didn't do it.'"). Like in <u>Bryant</u> and <u>Perez</u>, here, the ADOC Officials raise questions of law, and the Court possesses jurisdiction over this appeal.

This appeal concerns not what facts Plaintiff may be able to prove, but whether or not a given set of facts as alleged by Plaintiff establishes discretionary authority, and, if so, whether the facts, viewed in a light most favorable to Plaintiff, establish a violation of clearly established law. This Court exercises jurisdiction in these circumstances. <u>See</u>, <u>e.g.</u>, <u>Moniz v. City of Ft. Lauderdale</u>, 145 F.3d 1278, 1281 (11th Cir. 1998) (holding that "where, as here, the appeal is based on an assertion that, even on the plaintiff's version of the facts, the defendants are entitled to qualified immunity as a matter of law, we have jurisdiction to review the denial of summary judgment," and "[t]he mere fact that the district court simply asserted that it based the denial of summary judgment on the existence of genuine issues of material fact does not render the summary judgment order automatically unappealable"). The Court possesses jurisdiction over this appeal.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court possesses jurisdiction over the ADOC

Officials' appeal.

Dated: September 2, 2025

*/s/ Kenneth S. Steely*

Kenneth S. Steely
*Counsel for the ADOC Officials*

# CERTIFICATES OF COMPLIANCE

1.     This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,828 words.

2.     This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared using Microsoft Word for Microsoft 365 in size 14 Times New Roman font.

Dated: September 2, 2025

*/s/ Kenneth S. Steely*
Kenneth S. Steely
*Counsel for the ADOC Officials*

## CERTIFICATE OF SERVICE

On this 2nd day of September, 2025, I electronically filed this Response with the Court via ECF, which will electronically notify all counsel of record.

*/s/ Kenneth S. Steely*
Kenneth S. Steely

*Counsel for the ADOC Officials*